## In the Court of Quarter Sessions of Cumberland Co.

## COMMONWEALTH *v.* JANE LINDSEY.

A married woman cannot be convicted for selling liquor without license where the same is done in the presence of her husband.

The husband would be coercively present if in the house, though not in the room where the selling was going on.

**Indictment Selling Liquor without License.**

JUNKIN, P. J.   The evidence shows that this defendant is a married woman, and was at the time she sold the liquor.   Her husband and she lived in the same house, and the saloon where the selling was done was in that house ; he had been carrying on the business, and making the sales, until a warrant for his arrest issued—when he disappeared, and his wife alone and without his presence in the room, conducted the business. The husband, was concealed, or at least confined himself to the house and premises.   We are asked to say to you, that this defendant cannot be convicted—because the law presumes that she committed the offence, by the coercion of the husband.

Undoubtedly, when the wife is guilty of a criminal act in the presence of her husband, the law *presumes* that he compels her to do it—but it is just as true, that when she commits a crime in the absence of her husband, the law presumes that she did it voluntarily, and she is answerable.   Comth v. Butler, 1 Allen, 4.   Bishop's C. L. §452, Wh's C. L. §77—76, Vol. 3.   A wife in the absence of her husband, though in the house where they live and trade, who sells liquors under such circumstances, as would but for her coverture, prove her a common seller, though indicted as such, is liable, *unless it appears* that she acted by his command or under his coersion, or influence.   Com. v. Sarah Murphy, 2, Gray, 510.

But we instruct you, that a married woman cannot be punished for the sale of intoxicating liquors, either as principal or as agent of her husband, if he is *near enough for her to be under his influence and control, even if not in the same* room.   Comth v. Mary Burk, 11 Gray, 437.

Then we submit to you this:   Was the husband of this woman in and about the house while this selling was done by her—so as to be coercively present, though bodily absent, and did he in fact direct and order the defendant to sell.   If you find the fact to be, that he was within coercing distance, and did in fact command and compel by the dominion ordinarily exercised by a husband—then acquit—otherwise convict.